Report please be seated. Good morning council. I hope you can hear me all right and you can see us. Is that is that correct? Good morning. I can see and hear correct. Mr. Arden you can see as well. Great. So why don't we go ahead and start. We'll we'll hear from the petitioners council. Diana Stavrolakis representing Kamau Fooks. I would like to reserve five minutes for rebuttal before. Sure. The issue that Mr. Fooks raises to the court is that his trial counsel was ineffective for giving him bad advice regarding parole at the time of his guilty plea and specifically he entered a negotiated plea to 20 to 40 years and his trial attorney told him he'd only need to serve half of that which would have been 10 years. Can I ask you there are a couple of ambiguities in the pleadings. One of them is early on he's making the claim that counsel promised him this but then in the state courts later he's saying it was a misrepresentation not a promise. Does your does your client have a firm position one way or the other? Your honor I think it doesn't actually matter if it was a misrepresentation or a promise. It kind of does matter because at the plea colloquy he was asked were there any promises had been made and he said no. I agree with you and there's no mention about specifically either during the written or oral colloquy and so and nor is there required to be but it was not brought up so he didn't have an opportunity to address that at the time. Okay can I ask you how you're going to prove the misrepresentation the document that your client submitted said he made a tender of proof if there's a hearing I'm going to say I thought I was eligible for parole only later on did his mother and sister corroborate that he said he wouldn't have done it his lawyer does not say that he would testify that he said he was eligible for parole he just says if I'd known my client thought this so he doesn't have contemporaneous corroboration of this claim right doesn't sound like the lawyer's going to testify that yes I told him was eligible for parole so is his word and I think the wording he used was just that he believed this didn't even say unequivocally that his lawyer told him that so is he going to testify that his lawyer told him that is there anything that's going to back it up any notes is the lawyer going to contradict the story the problem here is that there was never an evidentiary hearing and it is my argument that at the PCRA process because it was Mr. Fook saying one thing and his attorney saying another thing that that was an issue and dispute and for that reason there should have been a hearing so we don't even have a transcript to look back to to find out to expand on what what we what we do have what we do have is this certification in the court of common pleas of Allegheny County here's the evidence he would have presented if there were a hearing and that certification at JA 80 said he was going to testify based on what attorney Tomasi advised him prior to entering his plea doesn't that he believed he would be eligible he doesn't come out and say that his lawyer told him he would be eligible parole or misrepresented or promised him and it's telling that the lawyer just was going to say he wouldn't have he would have he would have moved to withdraw it the lawyer is not saying yeah I I told him that so that's the best that's the tender we have of what he would have put on at a hearing with all due respect your honor I think that at a hearing we often go deeper into an issue and I agree with what you're saying what the certifications say so we are limited to that at this point because we didn't have any hearing to go deeper into it so do we also have at this point we have the certifications of the mother and the brother which I realize we're not part of the state can we consider those certifications the those letters as it were are we permitted to even consider those at this at this stage it certainly helps Mr. Fuchs if you can consider those at this point of course it does but can we can we but I would say the way that we can do that is to say that perhaps PCRA counsel was not diligent in making sure that she had provided everything that she could have a record at that time before the state court so that they would have had the information to determine to hold a determination do we excuse me finish you can finish your answer so in that way there may be a Martinez type situation where we have a PCRA attorney that did not fully compile the record so that we would have something to review even before the lower court but also now before this do we review the district court's decision not to have a hearing for abuse of discretion it's only up to the district court to determine whether or not they would hold a hearing so I'm the best that this court could do would be to send it back for them to make that determination if a hearing could be held and I think at that point we could bring in whatever information we had to support the claim what about the prejudice argument where where it's given given the sentence that Mr. Fuchs received where is the prejudice given the fact that if he had gone to trial he most likely would have been convicted of second degree murder and and the I can't think of a rational reason why why he would have done that taken that risk certainly that's logical to look at it that way but I think ultimately the decision is up to the defendant whether he wants to proceed to trial or to accept a plea and Mr. Fuchs is saying that he understood correctly that he wouldn't be released in 10 years he would have gone to trial so that is the prejudice that he took this plea not fully understanding how long it would serve time in prison and he waived his right to a trial but you would agree that had he gone to trial and been convicted of second degree murder it was a mandatory life sentence in Pennsylvania right he absolutely he got the he got the benefit of the of the deal as it was stated on the record as he agreed to in the written and the oral colloquy there's there's no dispute that he stated on the record that he understood what he was receiving and what he was pleading to and he reaffirmed on the record several times that he understood that this was a 20-year minimum right I agree your honor I agree thank you very much counsel we'll hear you on rebuttal thank you uh for the uh commonwealth may it please the court uh my name is Ronald Wabi jr I'm a deputy district attorney in Allegheny county and I represent the Appalachian this matter uh superintendent Smith-Philip et al um to answer some of your questions regarding what you're allowed to consider at this point the two affidavits that were connected to the petition themselves weren't considered by the state court because they weren't provided until 2019 so under the current state of the law this court is bound by the record the state court considered and the state court had in front of it documents that your honor's just the certification of trial counsel and a certification of mr Fuchs and superior the trial court and superior court both addressed those in their opinions and concluded that he was not entitled to relief except but they they did not hold a hearing and so since he didn't have that opportunity the question is is if he's conclusively not entitled to relief the federal statute says you can dismiss without hearing if he's not conclusively not entitled to relief then we need a hearing there's not a state court hearing or evidentiary record that you know they're limited to apart from just deciding whether you could have believed him or not so my question is why isn't his saying I misunderstood this not enough unless there's something in the colloquial that just completely contradicts what he's saying now because your honor and it a lot of this has to do with PCRA law in a sense that the PCRA law is about the state standards we have to apply the federal standard as a matter of federal law the statute says we give him a hearing unless the pleadings and papers show is conclusively not entitled to relief what here shows that he's conclusively not entitled to relief that a fact finder couldn't believe him that he misunderstood this because of his lawyer's misrepresentation and he wouldn't have taken the plea well your honor the first problem would be is that that the evidentiary hearing portion of the statute has now been limited under the current state of the law in the sense that the this court and the supreme court have limited the decision-making powers of this court in the sense that they're supposed to only consider what the state court had before it and when the state and you're bound to determine and your ability to have a hearing now is limited okay when the state has had a hearing then we are limited to the state court record but the state hasn't had a hearing okay so we have to decide under federal law we're not deciding whether you know we have to develop an evidentiary record uh you know so he's not he's not guilty of failing to exhaust this is a situation which where you don't have a procedural opportunity open to you in state court because PCRA law doesn't allow a hearing we make our own decision about whether to allow a it's a different situation from a cullen versus pinholster where you're charged with not doing enough to develop a state record here he tried the state is entitled not to hold the hearing but we have to make our own decision whether to hold the hearing yeah but also what's also true is the two affidavits he attached to his petition weren't presented to this okay maybe they don't belong in the case maybe they maybe they come too late there's a failure to put them in that's a mother and a sister why isn't his saying i wouldn't have done this why is that so implausible that he's conclusively not entitled to relief because his statement if you take first off let's let's compare the two statements okay you got his statement where he talks about the fact that he is he was misbelieved okay he believed that he'd get paroled earlier then you have and he doesn't mention this discussion with the mother and the sister until now and he says that they put they were promised that that's not you know it's not quite the same thing and you're talking about the idea that you're whether or not his decision to enter a guilty plea was knowing intelligent and voluntary this idea that he had erroneously believed that he could get paroled earlier of his own volition right is it necessary yes a private misunderstanding wouldn't be enough this has to be an ineffective assistance claim and if his claim were my lawyer promised it you'd say okay but he said i wasn't promised anything at the hearing but if the claim is a lawyer misrepresented it why is that inherently incredible well the other fact to judge is that the part that we're not talking about either is idea that he had a chance prior to the appeal prior to the pcra there was a motion to modify sentence if he wanted to withdraw his guilty plea at that point he could have done it there as well but he chose not to do that and only challenged the discretionary aspects of that sentence meaning that he thought that sentence was was excessive did he have the same did he have the same lawyer tomasi at that point he did not he had he had a different attorney at that point thomas farrell at that point in time so he had an intervening attorney that could have raised this idea that there was some misapprehension would they would they ultimately raise the idea that although it was a you know an agreement that the sentence was excessive so if there was actually a sentencing issue could have been brought up then in the sense they could have been brought up to the trial court in a motion to withdraw the guilt but that's that is part of the direct direct processes before we get to collateral review like pcra right correct but but your ability to withdraw a guilty plea exists at that point as well and what the record shows is he didn't choose the option he chose the option to challenge the sentence and itself not the idea that his sentence was somehow misleading to him or misunderstanding to him it was the idea that he wanted to challenge that the sentence length at that point in time and he chose not to raise that okay but we do say that you can wait until collateral review to raise ineffective assistance to counsel it's not it's not procedurally barred because he doesn't raise it until pcra correct but i'm just saying i think it's very telling at that point in time that that's his choice it's not he didn't choose to withdraw it he like the other one of the um judge saraka pointed out you know he was facing a life sentence otherwise so you know at that point in time if he had a real problem with this fact he was doing 10 20 to 40 he could have certainly tried to withdraw his guilty plea and go to trial at that point in time he didn't do that he chose to wait until collateral review and then challenge it then so i mean what you're looking at here if you look at the totality of the record it doesn't lead you to the conclusion that he had some issue with the sentence until he sat there for a few years what do you make of counsel's argument that there may be a martinez issue with respect to the lack of the of presenting these affidavits in the pcra context well the problem with martinez now is is the idea so um chopin swoop kind of change or shin i'm sorry changes that dynamic too in a sense there was contravening counsel with different points too so i mean the martinez issue it obviously hasn't been litigated as not been briefed um before the court i i didn't bring it you know all of it together to do that today to argue that part of it but i think with the record we have before us you don't have that issue before the court to consider it wasn't part of the cla either um she just brought the martinez claim up now it wasn't even presented in the brief so to answer your question i can't fully go in more depth other than the fact that shin does again limit the ability of this court to go beyond the state court record thank you very much counsel thank you you whenever you're ready on rebuttal just to address the discussion about the direct appeal process i wanted to remind the court that it was new counsel attorney farrell but he ultimately filed an anders brief with the superior court and the appeal was dismissed so there was not actually even direct review given to mr um folks on this case but regardless ineffectiveness claims are brought in the collateral proceedings so i don't really think that affects his ability to have raised them at the right time um i did also want to point out that the superior court ruled that the the claim itself did not have merit which i believe is um contrary application of federal law i believe that even though the parole information is not part of the oral or written colloquy if you are given misinformation or incorrect information that does warrant consideration and the court is to look for things outside the record itself not just what was written or what was stated on the record um how do you deal with the repeated answers in the colloquies both colloquies that there was no promise made once again i think that those questions are posed to what's been addressed during the guilty plea colloquy and parole information is not part of it so i don't think that it eliminates the possibility that trial counsel didn't actually say to him it's 20 to 40 but they're going to parole you after 10 years so i think you know we don't have to go over parole eligibility during the car for the law i think there there is an opportunity to look outside the record which would have been done at an evidentiary hearing which he did not have is there anything outside the record that we haven't heard about gave an explanation earlier is is that the extent of the information that i mean the important information outside the record in my opinion would have been having the hearing and giving both mr folks and trial counsel the opportunity to explain what had been discussed that ultimately led him to take this plea so there's nowhere in the record where we can review those facts or make a factual determination i think if we did we might be having a different argument today do we have anything that tells us what attorney tomasi would testify to beyond that he if he had known he would have moved to withdraw it does he say anything about what he what he advised or didn't advise about parole i'm not aware of any other thing in the record that goes into greater detail about what attorney tomasi specifically said about parole other than what mr folks is saying that he said about parole and then now that we're in federal court the addition of the two affidavits of the mother and the brother that they were also approached by mr tomasi to talk books into this deal which i think we can all agree was a good deal but imploring them to explain to him to take it and if he took it he would be released in 10 years which was half the minimum counsel thank you very much for your briefs and your arguments it's greatly appreciated thanks for participating by zoom have a good rest of the day and you'll hear from us in the not too this court stands adjourned until monday december 11th